SID LUMPKINS et al. v. STATE.

No. A-4602.   Opinion Filed Feb. 4, 1925.
(232 Pac. 855.)

(Syllabus.)

**Larceny—Evidence Sufficient as to One Defendant, and Insufficient as to Other.** In a prosecution for larceny, evidence held sufficient to sustain conviction as to one defendant, and insufficient as to the other.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Sid Lumpkins and Bill Cantrell were convicted of larceny, and they appeal. Affirmed as to Lumpkins; reversed as to Cantrell.

Carr & Henderson, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, J.   The plaintiffs in error in this case were jointly tried under an information charging them with the theft of an engine of the value of $300, the personal property of Montgomery, Shaffer & Montgomery, and the jury convicted them, fixing the punishment of the defendant Lumpkins at imprisonment in the penitentiary for a term of one year, and of the defendant Cantrell

at imprisonment in the penitentiary for a term of six months. From the judgments rendered on the verdicts they have appealed to this court, but no briefs in support of the assignments of error have been filed.

While the defendants are not represented in this court, we have carefully gone through the record.

The undisputed facts are that, on the date alleged, an engine owned by Montgomery, Shaffer & Montgomery, was taken from their lease in Stephens county; it was hauled to Konawa by the defendant Cantrell on his truck; that Dr. C. H. Hellman purchased the engine from the defendant, Lumpkins, to be delivered on his lease near Konawa.

The defense urged by the defendant Lumpkins was that he had authority from a man named Brown to sell the engine for $200 and he was to receive a commission of $25; he testified that he told Brown that Dr. Hellman wanted to buy a secondhand engine, but would not pay over $200; that Brown said he and Joe Anderson, his partner, would sell and give a bill of sale of the engine; that they would hire Bill Cantrell to haul the engine to Konawa; that he went out on Cantrell's truck, and Brown and two other fellows followed in a Buick car; that they disconnected and loaded the engine; that he went with Cantrell on the truck to Konawa; that when they got there Mr. Osmun, acting for Dr. Hellman, said he thought $100 was too much to charge for hauling the engine; witness called Dr. Hellman over the phone, and the doctor told him he would arrange that when they returned; that when they returnel to Duncan both were arrested.

As a witness in his own behalf, the defendant Cantrell testified that Sid Lumpkins told him that he had bought an engine for Dr. Hellman, and wanted him to

haul it; that he went into the supply house and found that the engine weighed 4,000 pounds; that he came back and Lumpkins said that he had an order from Dr. Hellman authorizing Mr. Osmun to pay for the drayage; that he agreed to haul it, and drove out to the lease with Lumpkins; three other men were there and they loaded the engine on the truck and he hauled it over to Konawa, and Lumpkins went with him; that when it was unloaded Mr. Osmun asked him what the drayage was, and he told him that he was supposed to get $100; that his truck registered 110 miles; that he did not receive his pay, and when he returned to Duncan was arrested; that Lumpkins said that he was to receive $25 for selling the engine; that he was never before arrested.

As to the defendant Lumpkins, the verdict has ample support, and the record presents no error. As to the defendant Cantrell, we cannot say that the evidence is sufficient to sustain his conviction. No witness for the state connects him with the transactions leading up to the taking of the engine; his claim that he was acting in good faith, under the direction of his codefendant is not disputed, and it was not shown that he had personal knowledge as to the ownership of the engine. It also appears that the trial judge expressed a doubt as to the sufficiency of the evidence to support the verdict against this defendant.

After a careful examination of the record, we conclude that the evidence is insufficient to support the verdict and judgment of conviction against the defendant Bill Cantrell. The judgment as to him is accordingly reversed.

In our opinion the evidence on the part of the state was amply sufficient to sustain the verdict against the

defendant Sid Lumpkins, and finding no prejudicial error, the judgment is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.